UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒X

HAL LUFTIG                                             :         Civil Action No. 22-cv-03697

                *Petitioner,*         :

v.                                                     :

FCP ENTERTAINMENT PARTNERS,                            :
LLC,

                *Respondent.*        :

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒X


**PETITIONER HAL LUFTIG'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS PETITION TO VACATE, IN PART, ARBITRATION AWARD**


*Attorneys for Petitioner Hal Luftig*

RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
(516) 663-6600

| MARTIN J. FOLEY, PLC | JASSY VICK CAROLAN LLP |
|---|---|
| *Pro hac vice* application to be filed | *Pro hac vice* application to be filed |
| 601 South Figueroa Street | 355 S. Grand Ave. |
| Suite 2000 | Suite 2450 |
| Los Angeles, CA 90017 | Los Angeles, CA 90071 |
| (213) 248-0577 | (310) 870-7048 |

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 2

      A.      FCP PURPOSEFULLY CONFLATES HAL LUFTIG
AND HLC ............................................................................................................... 2

      B.      THE ARBITRATOR MANIFESTLY DISREGARDED
BASIC CONTRACT LAW ................................................................................. 5

            1.      The Lack of a Rationale for Luftig's Liability
Exhibits Manifest Disregard of the Law ........................................................ 6

            2.      The Arbitrator Manifestly Disregarded the Law
on Piercing the Corporate Veil ........................................................................ 6

            3.      The Arbitrator Manifestly Disregarded the Law
If He Relied on the Inducement Letter .......................................................... 7

      C.      CALIFORNIA LAW REQUIRES VACATUR OF THE AWARD ..................... 10

CONCLUSION .................................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE**

*Aspic Engineering and Construction Co. v. ECC Centcom Constructors LLC,*
913 F.3d 1162 (9th Cir. 2019) ...........................................................................................6, 8

*Biller v. Toyota Motor Corp.,*
668 F.3d 655 (9th Cir. 2012) ................................................................................................10

*Cable Connection, Inc. v. DIRECTV, Inc.,*
44 Cal.4th 1334 (2008) .........................................................................................................10

*Comedy Club, Inc. v. Improv West Associates,*
553 F.3d 1277 (9th Cir. 2009) ................................................................................................9

*Edwards v. Arthur Andersen LLP,*
44 Cal. 4th 937 (2008) ........................................................................................................8, 9

*EEOC v. Waffle House, Inc.,*
534 U.S. 279, 122 S.Ct. 754 (2002) ........................................................................................5

*FaZe Clan Inc. v. Tenney,*
467 F.Supp.3d 180 (S.D.N.Y 2020) ........................................................................................9

*Halligan v. Piper Jaffray, Inc.,*
148 F.3d 197 (2d Cir. 1998) ....................................................................................................6

*Ixchel Pharma, LLC v. Biogen, Inc.,*
9 Cal. 5th 1130 (2020) .......................................................................................................8, 9

*Merco Constr. Engineers, Inc. v. Mun. Ct.,*
21 Cal.3d 724 (1978) ..............................................................................................................7

*Orion Shipping & Trading Co., Inc. v.*
*Eastern States Petroleum Corporation of Panama, S.A.,*
312 F.2d 299 (2d Cir. 1963) ................................................................................................7, 9

*Weiss v. Sallie Mae, Inc.,*
939 F.3d 105 (2d Cir. 2019) ..................................................................................................10

**STATUTES AND OTHER AUTHORITIES**

California Business and Professions Code Section 16600 .......................................................8, 9

Petitioner Hal Luftig ("Luftig") respectfully submits his reply Memorandum of Law in further support of his First Amended Petition to Vacate the Final Award[1] only as to himself.

### PRELIMINARY STATEMENT

There is no question FCP ENTERTAINMENT PARTNERS, LLC ("FCP") claimed breach of contract against HLC and breach of fiduciary duty against Luftig personally in the arbitration. What FCP's Opposition[2] fails to inform this Court is: The Arbitrator DENIED the fiduciary duty claim against Luftig and FCP admitted that fact in its briefings in the arbitration.

Implicitly conceding that the Arbitrator's breach of contract ruling against Luftig is indefensible, FCP creates a brand-new argument in its Opposition. Disingenuously, FCP argues that the Arbitrator ruled in its favor against Luftig on its breach of fiduciary duty claim. However, the Arbitrator's Interim Award, incorporated into the Final Award, and FCP's own admission squarely refute that argument. The Interim Award found that "Respondents breached the Agreement," but it also explicitly stated that all "other claims" (necessarily including FCP's fiduciary duty claim against Luftig) are "denied." Indeed, FCP previously *admitted* in writing to the Arbitrator that "The award is not clear as to why *the fiduciary duty claims were denied*." Exh. 9 at 1, ¶4 (emphasis added). Now, in opposition to Luftig's Petition, in a transparent attempt to mislead this Court, FCP conflates its two claims and suggests that the Arbitrator ruled in its favor on the breach of fiduciary claim. FCP's resort to such deception is telling.

Luftig's Petition demonstrated that the Arbitrator's Award holding him individually liable for breach of the 2007 Agreement was made in manifest disregard of the law. That Award violated one of the most fundamental principles of contract law; namely, an individual who is not

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the First Amended Petition to Vacate, in Part, Arbitration Award, dated May 19, 2022 [Dkt. No. 14]. Exhibits referenced herein refer to those attached to the Declaration of Martin Foley in support of Luftig's Petition to Vacate, filed May 6, 2022 [Dkt. No. 4].

[2] "Opposition" or "Opp." refers to FCP's Omnibus Memorandum of Law filed June 13, 2022 [Dkt. No. 18].

a party to a contract (here, Luftig) cannot be liable for breaching it.  The Petition also showed there was no basis by which FCP could avoid that straightforward principle barring recovery against Luftig individually.  First, Luftig did not sign the 2007 Agreement in his individual capacity – he signed only as President of HLC.  Second, while FCP—clutching at straws—has noted that the Inducement Letter to the 2007 Agreement provided, under certain circumstances, FCP could make an "election" to "substitute" Hal Luftig for HLC, it is undisputed that FCP never made any such election to substitute.  To the contrary, FCP is currently asking this Court to confirm the Arbitrator's Final Award *against HLC*.  Third, piercing the corporate veil does not provide a valid basis for holding Luftig personally liable for breach of the 2007 Agreement inasmuch as FCP never even argued HLC's corporate veil should be pierced.  Indeed, FCP's Opposition admits there is no basis for piercing the corporate veil to reach Luftig individually.

The Arbitrator's ruling that Luftig is personally liable for breaching an agreement to which he was not a party is not only contrary to law, but in manifest disregard of the most basic of contract law principles.  Accordingly, this Court should grant Hal Luftig's Petition to Vacate.

## ARGUMENT

### A.  FCP PURPOSEFULLY CONFLATES HAL LUFTIG AND HLC.

<u>First</u>, a person who is not a party to a contract cannot be held liable for its breach.  FCP does not contest this fundamental principle of contract law in its Opposition.  Yet, in manifest disregard of this most basic principle, the Arbitrator found a non-party to the 2007 Agreement – Hal Luftig – personally liable for its breach.  The Interim Award, states that "*Respondents* [HLC and Hal Luftig] breached the [2007] Agreement," a conclusion reiterated in the Final Award.  See Exh. 2 at 6 and at 29, ¶1.  Luftig's Petition and Opening Brief pointed out that the Inducement Letter to the 2007 Agreement provided no basis for Luftig being personally liable for breach of the agreement.  FCP never made the contractually required election to substitute

2

Luftig for HLC as a party. FCP's Opposition does not dispute that. Luftig's Petition and Opening Brief also pointed out that FCP had neither argued nor presented evidence that HLC's corporate veil should be pierced. Again, FCP's Opposition does not dispute that.

Second, in its Opposition, FCP scrambles to obscure just how illogical the Arbitrator's breach of contract ruling against Luftig individually was. FCP begins by deliberately conflating Luftig and HLC as if they are one in the same by defining them as the "Luftig Parties." Opp. at 1. But HLC and Hal Luftig are not synonymous. HLC is a New York corporation and was a party to the 2007 Agreement; Luftig is an individual and was not. It is without dispute that FCP's Complaint in the arbitration contained two separate claims: one for breach of the 2007 Agreement between FCP and HLC, and a second for breach of fiduciary duty against Luftig. FCP's own Petition to Confirm the Arbitration Award noted at paragraph 34 that the Arbitrator had ruled that "Respondents breached the Agreement," and specified Paragraph 6 of the 2007 Agreement – the waterfall – as the provision that had been breached. By contrast, FCP's Petition did not identify any ruling by the Arbitrator that Luftig had breached a fiduciary duty.

Nevertheless, FCP's Opposition now contends for the first time that the Arbitrator ruled in its favor on its breach of fiduciary duty claim against Luftig. Opp. at 12-13. FCP attempts to merge the breach of contract and breach of fiduciary claims together and to blur all distinctions between them. *Id.* at 10-16. FCP's efforts to muddle the two claims are meritless. Not only did the Arbitrator distinguish between the two—finding that HLC and Hal Luftig breached the 2007 Agreement while denying the fiduciary duty claim—but FCP previously admitted in writing that "***the fiduciary duty claims were denied***" by the Arbitrator. Exh. 9 at 1, ¶4 (emphasis added).

In tacit acknowledgement that Luftig cannot be liable for breaching an agreement to which he was not a party, FCP attempts to revive before this Court a fiduciary duty claim the Arbitrator flatly denied. FCP claims the fiduciary duty claim against Luftig was tantamount to

3

the contract claim against HLC because they "arose from the same set of core facts."  Opp. at 11.  FCP argues that the Arbitrator really held Luftig personally liable for breach of fiduciary duty when stating "Respondents have breached the Agreement."  *Id.* at 11-13.  That argument not only contradicts the express language of the Arbitrator's award, but it also is an unsustainable leap of legal logic and contradicts what FCP previously admitted in writing to the Arbitrator.

The record is clear that Arbitrator *denied* FCP's breach of fiduciary duty claims against Luftig.  The Interim Award was not unclear or silent as to the basis for liability.  It granted FCP's claims only insofar as finding "*Respondents breached the Agreement* by failing to pay the 55% share of LLC income due to FCP under the so-called 'Waterfall Provision' of paragraph 6 of 2007 Agreement in relation to the production of Kinky Boots."  Exh. 2 at 21 (emphasis added).  On the next page, the Interim Award expressly denies FCP's "other claims," necessarily including the breach of fiduciary duty claim.  *Id.* at 22, ¶5.  The Interim Award unmistakably denied the breach of fiduciary duty claim against Luftig.  There is no resurrecting it.[3]

FCP admitted the denial of its breach of fiduciary duty claim in the written exchanges regarding Hal Luftig's "Question for Clarification" after the Interim Award was issued.  FCP ***admitted***, "[t]he award is not clear as to why the fiduciary duty claims were denied."  Exh. 9 at 1, ¶4.  FCP's new argument that Luftig was liable for breaching his fiduciary duties contradicts not only the Arbitrator's Award, but also FCP's own admissions thereafter.

Notwithstanding, FCP argues that the Arbitrator somehow treated the breach of contract and breach of fiduciary duty claims interchangeably in finding "Respondents breached the Agreement."  But breach of contract and breach of fiduciary duty are two different legal claims with distinct elements.  Since there is no legal basis on which the Arbitrator could merge the

---

[3] To the extent FCP's position might be interpreted as indirectly asking this Court to vacate the Arbitrator's ruling rejecting the breach of fiduciary duty claim against Hal Luftig, that is *not* relief sought in FCP's Petition; to the

4

breach of contract and breach of fiduciary duty claims, such a ruling would manifestly disregard the legal analysis required for a proponent to establish a fiduciary duty claim. Only by ignoring basic contract law principles and the elements of a breach of fiduciary duty claim entirely could that happen. In any event, it did *not* happen here. As set forth above, the Arbitrator *denied* the breach of fiduciary duty claim, as FCP has previously admitted in writing.

FCP also urges this Court that Luftig was held liable for breach of fiduciary duty because the Arbitrator need not be explicit as to the basis of his findings. Yet, this is not a matter of the Arbitrator failing to explain his findings. FCP's rationale requires vacatur of the explicit findings of the Arbitrator that "Respondents breached the Agreement" and that all "other claims" are denied. To salvage the Final Award, FCP is asking the Court to re-write the Interim Award in a manner wholly contradicted by the express findings of the Arbitrator. Tellingly, FCP did not advance this counterfactual argument in its Petition or its Opening Brief in support of its Petition. It only resorted to this argument after Luftig's filings showed how illogical and ultimately untenable the breach of contract ruling against Luftig individually truly was.

B. THE ARBITRATOR MANIFESTLY DISREGARDED BASIC CONTRACT LAW.

FCP's Opposition spends so much time and effort attempting to resurrect its breach of fiduciary duty claim that it fails to address meaningfully the most critical issue – the Arbitrator's manifest disregard of the fundamental rule that a non-party to a contract cannot be held liable for its breach. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S.Ct. 754, 764 (2002) ("It goes without saying that a contract cannot bind a nonparty.") FCP's Opposition does not even address the governing case law supporting that principle that Luftig cited in his opening brief. *See* Dkt No. 5 at 14-19. Instead, to sidestep this basic tenet of contract law, FCP merely re-argues its

---

contrary, it explicitly and unequivocally sought only confirmation of the Arbitrator's award. Furthermore, FCP cannot raise a new argument for the first time on reply in support of its Petition to Confirm.

underlying case and concludes that Luftig either "was a party to the 2007 Agreement and breached it, and/or that Luftig breached his fiduciary duties to FCP." (Opp. at 14). However, to support this argument for Luftig's breach of contract, FCP relies solely on *HLC's* receipt of disputed revenues: "HLC received 'back-end points' . . . HLC received revenues directly from production companies . . . HLC received revenue from productions . . . [and] HLC received revenues from these productions . . . ." (Opp. at 13–14.)

1. **The Lack of a Rationale for Luftig's Liability Exhibits Manifest Disregard of the Law.**

Both the Interim and Final Awards are devoid of any explanation as to why Luftig is personally liable for HLC's breach of the 2007 Agreement. The Second Circuit has found that the absence of explanation may reinforce a Court's confidence that an arbitrator engaged in manifest disregard of the law. *Halligan v. Piper Jaffray, Inc.,* 148 F.3d 197, 204 (2d Cir. 1998) ("[W]here a reviewing court is inclined to find that arbitrators manifestly disregarded the law or the evidence and that an explanation, if given, would have strained credulity, the absence of explanation may reinforce the reviewing court's confidence that the arbitrators engaged in manifest disregard.") Here, finding Luftig individually liable without any legal justification is an irrational result warranting vacatur. *Aspic Engineering and Construction Co. v. ECC Centcom Constructors LLC,* 913 F.3d 1162, 1168 (9th Cir. 2019) (vacating "irrational" arbitration award which directly conflicted with the parties' agreement in order to achieve a desired outcome).

2. **The Arbitrator Manifestly Disregarded the Law on Piercing the Corporate Veil.**

Luftig was not a party to the 2007 Agreement. Exh. 1 (2007 Agreement) at 9; Exh. 2 (Interim Award, p. 1) at 9 ("Effective as of January 1, 2007, Trepp and HLC executed the Amended and Restated Agreement.") and Exh. 5 (FCP's Post-Arbitration Brief) at 10:20-24 ("The Agreement is between HLC and FCP, not Luftig individually."). Moreover, Luftig's status as an HLC shareholder does not provide a legal basis for his being individually liable for

HLC's breach of the 2007 Agreement. *Merco Constr. Engineers, Inc. v. Mun. Ct.*, 21 Cal.3d 724, 729–30 (1978). In addition, FCP never argued in arbitration that HLC's corporate veil should be pierced and that Hal Luftig should be liable as HLC's alter ego. To the contrary, FCP's Opposition disavows any finding regarding piercing the veil, instead falling back on mere speculation that the Arbitrator must "have determined that Luftig was a party to the 2007 Agreement and breached it, and/or that Luftig breached his fiduciary duties to FCP." Opp. at 14.

Thus, piercing the corporate veil could not rationally have been the Arbitrator's basis for finding Hal Luftig individually liable for breaching of contract. Even if it could, such a result would have required the Arbitrator to manifestly disregard the law. The Arbitrator was fully aware of the legal principles of piercing the corporate veil and alter ego. His Interim Award explicitly considered those principles with respect to FCP and its sole member, Warren Trepp. Exh. 2 at 17, ¶2. Yet the Interim Award and the Final Award are silent about piercing HLC's corporate veil to reach Luftig individually. Thus, even if the Awards were viewed as premised on veil piercing (which they were not), vacatur would be warranted, consistent with precedent. *See Orion Shipping & Trading Co., Inc. v. Eastern States Petroleum Corporation of Panama, S.A.*, 312 F.2d 299, 301 (2d Cir. 1963) (holding arbitration award finding liability against a non-party to a contract must be vacated where grounds to pierce the corporate veil were not shown).

**3. The Arbitrator Manifestly Disregarded the Law If He Relied on the Inducement Letter.**

FCP also cannot blindly rely on speculation that the Inducement Letter made Luftig a party to the 2007 Agreement. (Opp. at 15.) The Arbitrator never found that the Inducement Letter made Luftig a party. In fact, the Inducement Letter requires that FCP make an "*election*" to **substitute** Hal Luftig *for* HLC as a party to the agreement. Exh. 1 (Inducement Letter) at 13,

¶5. FCP never made any such election, and FCP never argues otherwise.[4] To the contrary, FCP asks this Court to confirm the Arbitrator's Final Award *against HLC*, necessarily meaning no election to substitute has taken place. *See also Aspic Engineering,* 913 F.3d at 1168 (holding arbitration award should be vacated for contradicting express terms of parties' contract).

FCP's reliance on the Inducement Letter to find Luftig a party to the agreement is also contradicted by the Interim Award itself. In deciding which caselaw governed application of California Business and Professions Code Section 16600, which bars enforcement of a non-compete against an individual, the Arbitrator drew a distinction between two pertinent California cases: *Edwards v. Arthur Andersen LLP,* 44 Cal. 4th 937, 945 (2008) and *Ixchel Pharma, LLC v. Biogen, Inc.,* 9 Cal. 5th 1130 (2020). In deciding to follow the "Rule of Reason" standard of *Ixchel* to determine whether the non-competition language in the 2007 Agreement was permissible under Section 16600, the Arbitrator found *Ixchel* governs because it evaluated restrictive covenants "in commercial contracts *between businesses*," whereas *Edwards* addressed contracts between an individual and a business. Exh. 2, (Interim Award pp. 2-5) at 10 - 13 (emphasis added). Based on that distinction, the Arbitrator found "that the restrictions contained in the *2007 Agreement between FCP and HLC* are governed by the 'reasonableness' standard set forth in *Ixchel*." *Id.* at 11 (emphasis added). Indeed, the Arbitrator's finding was based on arguments FCP *itself* made in post-arbitration hearing briefing, stressing that "[t]he 2007 Agreement is not an employment agreement" with an individual, but "[r]ather, it is an agreement between two sophisticated businesses … **The Agreement is between HLC and FCP, and not**

---

[4] Instead, FCP relies on rhetorical sleight of hand in asserting that "to the extent that HLC failed to perform any portion of the Agreement, Luftig is substituted as a direct party for purposes of the breach," ignoring that such substitution may occur if—and only if—FCP makes an election for substitution. In the absence of such an election, there can be no substitution and no individual liability against Hal Luftig for breach of the 2007 Agreement.

8

*Luftig individually*." Exh. 5 at 10:19-24 (emphasis added).[5]  In fact, FCP's Opposition reiterates that *Ixchel* governs because it applies to "commercial contracts between businesses."  Opp. at 28-29.

Thus, FCP's post-Interim Award argument that the Arbitrator must have found Luftig was substituted in place of HLC as a party to the 2007 Agreement contradicts both the Arbitrator's ruling as to Section 16600 and FCP's own contentions.  FCP again misleads this court in now asserting otherwise. If the Arbitrator had in fact found Luftig a party to the 2007 Agreement, it would wholly contradict the Arbitrator's analysis and application of *Ixchel*, which he expressly followed because, at FCP's urging, he analyzed the 2007 Agreement as a contract between businesses, not between a business and an individual.  The Arbitrator, therefore, either: (1) did not consider Hal Luftig a party to the 2007 Agreement and manifestly disregarded basic contract law principles by nonetheless finding him liable for breach of contract; or (2) if the Arbitrator did consider Luftig a party to the Agreement by way of the Inducement Letter, the Arbitrator then manifestly disregarded the law on Section 16600 by finding that the non-compete provisions of the 2007 Agreement were valid as to an individual, thereby violating the *Edwards* case, which would have voided the 2007 Agreement as an illegal covenant not to compete.  *See Orion Shipping*, 312 F.2d at 301 (2d Cir. 1963) (vacating an arbitration award entered against a non-party to an arbitration agreement); *Comedy Club, Inc. v. Improv West Associates,* 553 F.3d 1277, 1293 (9th Cir. 2009) (vacating arbitration award for manifest disregard of Section 16600); *see also FaZe Clan Inc. v. Tenney*, 467 F.Supp.3d 180, 187 (S.D.N.Y 2020) (relying on Section 16600 to void agreement governed by California law between a social media celebrity and esports/entertainment company).

---

[5] FCP's Opposition never addresses this definitive position FCP took during the arbitration – and on which the Arbitrator relied in ruling in FCP's favor and not voiding the 2007 Agreement.

9

### C. CALIFORNIA LAW REQUIRES VACATUR OF THE AWARD.

Besides the Arbitrator's manifest disregard of the law, the Final Award also exhibits clear errors of law for the same reasons. Paragraph 16 of the 2007 Agreement provides, "[t]he [A]rbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected for any such error." Such contractual prohibitions are enforceable in judicial challenges to erroneous arbitration awards. *See Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal.4th 1334, 1340 (2008). FCP argues *Cable Connection* is not applicable because it interprets the California Arbitration Act ("CAA") and not the FAA. In so arguing, FCP relies on *Biller v. Toyota Motor Corp.,* 668 F.3d 655, 664-65 (9th Cir. 2012). Opp. at 12-14. However, *Biller* is inapposite for a crucial reason – its applicable choice of law provision specifically states that the arbitration agreement will be governed by the FAA. *Biller*, Id. at 659. In contrast, the 2007 Agreement states that California law governs.[6]

### CONCLUSION

For the foregoing reasons, the Petitioner Hal Luftig seeks an Order granting his First Amended Petition to Vacate the Final Award so far as it finds him individually liable.

Dated: Uniondale, New York
       July 1, 2022

                                    Respectfully submitted,
                                    RUSKIN MOSCOU FALTISCHEK, P.C.

                                    By:    */s/ Thomas A. Telesca*
                                           Thomas A. Telesca
                                           Melissa Sanderleaf
                                           *Attorney for Petitioner Hal Luftig*
                                           1425 RXR Plaza
                                           East Tower
                                           Uniondale, New York 11566-1425
                                           (516) 663-6600

---

[6] Ultimately, the Court need not reach the issue of whether *Cable Connection* and the "errors of law" standard govern, because, as explained above, the Final Award exhibits more than a mere error of law. It shows a manifest disregard of basic contract law principles and may and should be vacated under that well-established standard of law in the Second Circuit. *See Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019), and *see* Dkt No. 5 at 19-20.

MARTIN J. FOLEY PLC
Martin J. Foley
*Attorney for Petitioner Hal Luftig*
*Pro hac vice application to be filed*
601 S. Figueroa St.
Ste. 2000
Los Angeles, CA 90017
martin@mjfoleylaw.com

JASSY VICK CAROLAN LLP
Kevin L. Vick
*Attorney for Petitioner Hal Luftig*
*Pro hac vice application to be filed*
335 S. Grand Ave., Suite 2450
Los Angeles, California 90071
(310) 870-7048
kvick@jassyvick.com